Maryam N. Hadden
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, New York 10007
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

*Attorney for Plaintiff*

---------------------------------------------------------X
K.S.D.,

      *Plaintiff,*

  vs.

ERIC BRUCE RYAN,
RODERICK NEWBOLD RYAN,
SEWARD JOHNSON RYAN,
HILLARY ARMSTRONG RYAN,

      *Defendants.*
---------------------------------------------------------X

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

CIVIL SUIT

**COMPLAINT, JURY DEMAND; PLAINTIFF'S DEMAND FOR DAMAGES; DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION AS TO RULE 4:5-1**

Plaintiff, K.S.D. resides in New York, New York, and by way of Complaint through her undersigned attorneys, plaintiff hereby states the following:

### FACTS COMMON TO ALL COUNTS

1. K.S.D.'s father married Defendants' mother on June 15, 1972. All four Defendants are brothers.

2. Following the marriage, K.S.D.'s father and stepmother maintained a family residence in Fair Hills, New Jersey.

3. K.S.D. had recently turned 13 years old in June of 1972.

4. Defendant Eric Bruce Ryan (hereinafter "Eric") was approximately 21 years old in June of 1972.

5. Defendant Seward Johnson Ryan (hereinafter "Seward") was approximately 20

1

years old in June of 1972.

6. Defendant Roderick Newbold Ryan (hereinafter "Roderick") was approximately 18 years old in June of 1972.

7. Defendant Hillary Armstrong Ryan (hereinafter "Hillary") was approximately 17 years old in June of 1972.

8. During the period of the parents' marriage between 1972 and 1976, all of the children had separate bedrooms in Far Hills, New Jersey and there was minimal if any parental supervision, particularly in the evening hours.

9. K.S.D. and her younger sister both resided at the house in Far Hills on a regular basis.

10. Defendants all also resided at the house in Far Hills on a regular basis.

11. On or about and between June 1972 and July 1972, in Far Hills, New Jersey, Seward kissed K.S.D. on the lips when she was under the age of consent.

12. On or about and between June 1972 and July 1972, in Far Hills, New Jersey, Seward and Roderick, along with an acquaintance of Defendants, played a game with K.S.D. that involved removing articles of clothing. During this "game" each of the participants removed articles of clothing and K.S.D. had to remove her shirt.

13. On the same night of this game and after the game was over, Seward left Roderick alone with K.S.D.. Roderick sexually abused K.S.D. that night in that he performed oral sex on K.S.D., touching her vagina with his mouth while she was under the age of consent.

14. Roderick then took K.S.D. in his car to "watch the sunrise" and while away from the house but still in the State of New Jersey, Roderick touched K.S.D.'s breasts under her shirt and put his hand between her legs.

15. On or about and between June 1972 and July 1972, in Far Hills, New Jersey,

Hillary sexually assaulted and raped K.S.D. for the first time, while she was under the age of consent.

16. On or about November 26, 1972, while on a family vacation in Harbour Island, Bahamas, with Hillary, Roderick and her parents, Hillary again sexually assaulted and raped K.S.D. while she was under the age of consent.

17. In November of 1972 Hillary was 18 years old.

18. Between approximately June or July of 1973 and March of 1976, K.S.D. remained below the age of consent while Hillary was 18 years of age or more. Throughout this period of time, K.S.D. was continuously sexually assaulted and raped in that Hillary engaged in sexual intercourse with her countless times while she was under the age of consent in multiple locations, including but not limited to:

   A) Far Hills, New Jersey at the family home;
   B) an apartment rented by Hillary at 35 Grove Street, New York, New York;
   C) at Choate Rosemary Hall in Wallingford, Connecticut;
   D) in Hillary's vehicle;
   E) other locations in and around New York County, New York;
   F) and other locations in and around Somerset County, New Jersey.

19. Hillary would partake in sexual abuse of K.S.D. without using any contraceptives or any device to protect from sexually transmitted diseases. As a result of this conduct, K.S.D. became pregnant and was forced to have an abortion during the winter months of 1974, causing significant emotional and physical trauma to K.S.D.

20. Despite some efforts by Hillary to keep his romantic relationship with K.S.D. private, it is alleged that in addition to the other Defendants, several other family members including both K.S.D.'s father and Hillary's mother (both now deceased) were aware of the relationship. Further, K.S.D. informed at least one friend of the relationship during the winter months of 1972 or 1973. At no time did anyone attempt to prevent Hillary from sexually abusing K.S.D., which resulted in psychological, emotional and physical harm to her.

21. On or about March 14, 1976, in his apartment in New York, New York, Eric subjected K.S.D. to sexual contact while she was below the age of consent and shortly after her relationship with Hillary had ended.

22. Due to the ongoing and persistent sexual abuse suffered by K.S.D. at the hands of all four Defendants, K.S.D. has suffered years of emotional trauma and fear, and has been significantly affected in terms of living her adult life.

23. K.S.D. underwent approximately seven years of intensive therapeutic treatment in an effort to cope with and manage the long lasting effects of the persistent sexual abuse.

24. K.S.D.'s ability to earn a consistent income has been affected by the years of sexual abuse.

25. K.S.D.'s ability to trust and interact with people, including family members, or to form healthy romantic relationships has been affected by the years of sexual abuse.

26. K.S.D. was drawn to helping victims of sexual abuse and trauma and spent ten years volunteering weekly at Stuart House, a program of the rape treatment center, which is internationally recognized as a model for the treatment of sexually abused children. K.S.D. volunteered for this work without fully understanding why she was drawn to it or how what had been done to her had affected her life and outlook.

27.     K.S.D. was not aware or able to understand what constituted sexual assault or abuse until through her work at Stuart House, she met and entered therapy with Dr. John Briere, who was the first person to inform her that she was a victim of sexual abuse and sustained significant physical and emotional damages as a result of her romantic relationship with Hillary and the additional sexual contacts forced upon her by Eric, Seward and Roderick.

28.     Despite being finally aware of the tremendous impact upon her of the ongoing and persistent sexual abuse, K.S.D. hesitated to take any action on that knowledge due to the temporary family relationship she had shared with the Defendants during the period of their parents' marriage. K.S.D. was also reluctant to come forward if any harm or embarrassment would come to her parents during their lifetimes or to the children of the Defendants during their childhood.

## JURISDICTION

29.     Plaintiff brings her complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are diverse in citizenship, and the amount in controversy exceeds $75,000.00.

## BACKGROUND AND PARTIES

30.     Plaintiff K.S.D. is an individual, who, as a minor, was sexually assaulted and/or sexually abused by Defendants Eric, Seward, Roderick and Hillary.

31.     Defendant Eric is an individual who, upon information and belief, is a current resident of the State of New York.

32.     Defendant Seward is an individual who, upon information and belief, is a current resident of the State of New York.

33.     Defendant Roderick is an individual who, upon information and belief,

is a current resident of the State of Florida.

34. Defendant Hillary is an individual who, upon information and belief, is a current resident of the State of Texas.

35. During the relevant time period, Defendants Seward and Roderick sexually abused, sexually assaulted, or had sexual contact with K.S.D. while they were adults and while she was below the age of consent at a location in Far Hills, New Jersey.

36. During the relevant time period, Defendant Eric sexually abused, sexually assaulted, or had sexual contact with K.S.D. while he was an adult and while she was below the age of consent at a location in New York, New York.

37. During the relevant time period, Defendant Hillary sexually abused, sexually assaulted and raped K.S.D. on countless occasions, all but one of which occurred while he was an adult, and all of which occurred while she was below the age of consent at locations in the State of New Jersey, the State of New York, the State of Connecticut and elsewhere.

38. Pursuant to N.J.S.A. 2A:61B-1:

> In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse. Any such action shall be subject to the statute of limitations set forth in section 2 of P.L.2019, c.120 (C.2A:14-2a).

Plaintiff notes that this filing has commenced within the retroactive civil window for survivors of sexual abuse established by the New Jersey Victims' Rights Bill, which extends the statute of limitations to November 30, 2021. Further, Plaintiff pleads delayed discovery of the harm and thus a delay in the accrual of her claims against all parties. Plaintiff contends that the Statute of Limitations shall be tolled in accordance with the laws of the State of New Jersey, including, but not limited to, N.J.S.A. 2A:61B-1, et seq. (reasonable discovery of

the injury and its causal relationship to the act of sexual abuse hereinafter referred to as "delayed discovery,") and/or N.J.S.A. 2A:14-21, et seq. (mental state, insanity, insanity and/or lacking the ability and/or capacity due to mental infliction, to pursue Plaintiffs' lawful rights), and/or duress, and/or equitable grounds.

39. Plaintiff alleges personal physical injury damage claims, as well as other damage claims related thereto, as a result of her childhood sexual abuse, as more specifically set forth herein.

40. Additionally, Plaintiff contends that the Defendants, individually, jointly and/or severally violated various New Jersey Statutes, including, but not limited to, N.J.S.A. 9:6-8.10, et seq.

### COUNT ONE

### SEXUAL BATTERY AND VIOLATION OF N.J.S.A. 2A:61B-1
### ALL DEFENDANTS

41. At all times relevant hereto, Plaintiff K.S.D. was a resident of the State of New Jersey.

42. At all times relevant hereto, Defendants had living quarters in the same house or on the same property as K.S.D. and were living as members of her family.

43. On or about and between the dates of June 1972 and March 1976, Defendants on multiple occasions sexually abused, sexually assaulted, raped or had sexual contact with K.S.D., a minor incapable of consent.

44. Until approximately in or about 1993, while in regular therapy with Dr. Briere, plaintiff K.S.D. had not discovered, understood or appreciated that the problems she was and is experiencing, emotionally, physically and sexually, were the direct result of the sexual

abuse perpetrated by Defendants while she was below the age of consent.

45. Plaintiff is bringing this action within the retroactive civil window for survivors of sexual abuse established by the New Jersey Victims' Rights Bill, which extends the statute of limitations to November 30, 2021. Further, Plaintiff pleads delayed discovery of the harm and thus a delay in the accrual of her claims against all parties. Plaintiff contends that the Statute of Limitations shall be tolled in accordance with the laws of the State of New Jersey, including, but not limited to, N.J.S.A. 2A:61B-l, et seq. (reasonable discovery of the injury and its causal relationship to the act of sexual abuse hereinafter referred to as "delayed discovery,") and/or N.J.S.A. 2A:14-21, et seq. (mental state, insanity, insanity and/or lacking the ability and/or capacity due to mental infliction, to pursue Plaintiffs' lawful rights), and/or duress, and/or equitable grounds.

46. Incidents of abuse include, but are not limited to, those described in the "Facts Common to All Counts" portion of this Complaint.

47. Defendants individually and jointly intentionally caused harm to K.S.D. by molesting, penetrating, contacting, battering, harassing, touching and fondling K.S.D. through subterfuge, duress and force. These acts complained of constitute a violation of N.J.S.A. 2A:61B-1.

48. During the relevant time period, each Defendant touched plaintiff K.S.D. directly and/or through plaintiff K.S.D.'s clothing on plaintiff K.S.D.'s intimate parts for the purpose of sexually arousing or gratifying Defendants in violation of N.J.S.A. 2A:61B-1.

49. As a direct and proximate result of the conduct described herein above, plaintiff K.S.D. has suffered physical injury; severe emotional distress; diminished enjoyment of life; diminished enjoyment of childhood; difficulty and an inability to focus; difficulty and an

inability to perform educational tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; is and has not engaged in normal development and activities; suffers from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities; and has ultimately led to Plaintiff having dysfunctional relationships with men and being unable to settle down and start a family. Plaintiff's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined in addition to the costs already incurred.

50. The actions of Defendants as alleged herein shattered the natural human trust inherent in a child's relationship with authority figures and family figures, thereby causing and contributing to psychological injuries to plaintiff, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity and has caused Plaintiff to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREFORE,** plaintiff K.S.D. hereby demands judgment against all Defendants for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury may deem just and proper.

## COUNT TWO

## ASSAULT AS TO ALL DEFENDANTS

51. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

9

52. Defendants' actions would be offensive to a person with a reasonable sense of personal dignity.

53. Plaintiff did not consent to the acts, and any purported consent was secured through fraud, deception and undue influence, coercion and duress thereby rendering it void. Further, Plaintiff was not of an age to be capable of consent, and Defendants all knew this.

54. Defendants' actions were outrageous and constituted a wanton and reckless disregard to Plaintiff's health and well-being.

55. As a direct and proximate result of the conduct described herein above, Plaintiff has suffered physical injury; severe emotional distress; diminished enjoyment of life; diminished enjoyment of childhood; difficulty and an inability to focus; difficulty and an inability to perform educational tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; is and has not engaged in normal development and activities; suffers from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

56. The actions of Defendants as alleged herein shattered the natural human trust inherent in a child's relationship with family members, particularly family members who were senior to her, thereby causing and contributing to psychological injuries to Plaintiff, necessitating the need for future psychological care and treatment, resulting in loss of

earnings and loss of future earning capacity and has caused Plaintiff to sustain other great losses all contributing to her damages in a dollar sum subject to proof at the time of trial.

**WHEREFORE,** plaintiff hereby demands judgment against Defendants for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury may deem just and proper.

### COUNT THREE

### BATTERY - AS TO ALL DEFENDANTS

57. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

58. Defendants caused actual harmful and offensive touching of Plaintiff with the intent to cause offensive touching of Plaintiff.

59. Defendants' actions would be offensive to a person with a reasonable sense of personal dignity.

60. Plaintiff did not consent and could not consent to the touching which was against her will while she lacked the age and maturity to consent and any failure to report the incidents was the result of overwhelming mental duress, undue influence and coercion.

61. Defendants' actions were outrageous and constituted a wanton and reckless disregard to Plaintiff's health and well-being.

62. As a direct and proximate result of the conduct described herein above, plaintiff has suffered physical injury; severe emotional distress; diminished enjoyment of life; diminished enjoyment of childhood; difficulty and an inability to focus; difficulty and an inability to perform educational tasks; anxiety; depression; humiliation; pain in mind and

body; severe embarrassment; is having and has had difficulty living a normal life; is and has not engaged in normal development and activities; suffers from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

63. The actions of Defendants, as alleged herein shattered the natural human trust inherent in a child's relationship with other family members, including authority figures, thereby causing and contributing to psychological injuries to Plaintiff, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity and has caused Plaintiff to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREFORE,** Plaintiff hereby demands judgment against Defendants for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury may deem proper.

### COUNT FOUR

### FALSE IMPRISONMENT-AS TO DEFENDANT ERIC RYAN, RODERICK RYAN, DEFENDANT HILLARY RYAN

64. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

65. At all times relevant hereto, while Defendants Eric, Roderick and Hillary perpetrated their pedophile grooming and sexual abuse, sexual battery, battery and

assaults, of Plaintiff, they knowingly restrained Plaintiff unlawfully, interfering substantially with her liberty in order to sexually assaulted her.

66. The circumstances under which Defendants Eric, Roderick and Hillary restrained Plaintiff exposed Plaintiff to risk of serious bodily injury.

67. As a direct and proximate result of the conduct described herein above, plaintiff has suffered physical injury; severe emotional distress; diminished enjoyment of life; diminished enjoyment of childhood; difficulty and an inability to focus; difficulty and an inability to perform educational tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; is and has not engaged in normal development and activities; suffers from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and Plaintiff may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

68. The actions of Defendants Eric, Roderick and Hillary, as alleged herein shattered the natural human trust inherent in a child's relationship with an authority figure, an older sibling, and family members, thereby causing and contributing to psychological injuries to Plaintiff, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity and has caused other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREFORE,** Plaintiff hereby demands judgment against defendants Eric

Ryan, Roderick Ryan and Hillary Ryan for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury may deem just and proper.

## COUNT FIVE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

69. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

70. Defendants, by deception, duress, and intimidation, engaged in sexual contact with Plaintiff, which included but are not limited to the facts set forth in the "Facts Common to All Counts" section of this Complaint, including, but not limited to, inappropriately fondling, kissing, touching, and penetration all for the sexual gratification of Defendants.

71. The sexual abuse of plaintiff by Defendants proximately caused the Plaintiff to suffer extreme humiliation and anxiety, severe emotional distress and mental anguish and other physical and psychological injuries.

72. Defendants acted either intentionally or recklessly and knew or should have known that their inappropriate sexual touching and other misconduct in their relationship with Plaintiff would result in serious emotional distress to Plaintiff beyond what a normal person could be expected to endure.

73. The sexual misconduct of Defendants alleged herein exceeded all possible bounds of human decency and was outrageous and unacceptable in a civilized society.

74. As a direct and proximate result of the conduct described herein above, Plaintiff has suffered physical injury; severe emotional distress; diminished enjoyment of life; diminished enjoyment of childhood; difficulty and an inability to focus; difficulty and an

inability to perform educational tasks; anxiety; depression; humiliation; pain in mind and body; severe embarrassment; is having and has had difficulty living a normal life; is and has not engaged in normal development and activities; suffers from behavior patterns and will continue to do so in the future; will in the future be caused to endure severe pain in mind and body; has endured interference with and will continue to endure interference with engaging in her full normal daily activities. Plaintiff's self-esteem and ability to trust others has been substantially impaired, making it difficult to obtain help and treatment from professionals and health care professionals in general and may incur medical, hospital and psychiatric expenses in amounts yet to be determined.

75. The actions of Defendants as alleged herein shattered the natural human trust inherent in a child's relationship with family members and authority figures, thereby causing and contributing to psychological injuries to Plaintiff, necessitating the need for future psychological care and treatment, resulting in loss of earnings and loss of future earning capacity and has caused Plaintiff to sustain other great losses all contributing to her damages in dollar sum subject to proof at the time of trial.

**WHEREFORE,** Plaintiff K.S.D. hereby demands judgment against Defendants for compensatory and punitive damages, interest, costs of suit, attorneys' fees and such other relief as the court or jury may deem just and proper.

### COUNT SIX

### ENDANGERING THE WELFARE OF CHILDREN - AS TO DEFENDANT ERIC RYAN

76. Plaintiff repeats and reiterates all of the allegations contained in the previous counts and/or paragraphs as if set forth at length herein.

77. Defendant Eric Ryan was at various times throughout the relevant dates left in charge of his younger siblings and step-siblings, including K.S.D. and her younger sister, and while standing *in loco parentis* had a duty to protect the children in his care, specifically K.S.D. and her sister, and to report Hillary Ryan and Roderick Ryan, pursuant to law, including, but not limited to, the duty imposed by N.J.S.A. 9:6-8.10 et seq., and its predecessor statute.

78. Defendant breached his duty to Plaintiff to protect her and provide her a safe haven and to report Roderick Ryan and Hillary Ryan, pursuant to law, including, but not limited to, the duty imposed by N.J.S.A. 9:6-8.10 et seq., and its predecessor statute. Roderick Ryan and Hillary Ryan endangered the welfare of the Plaintiff by sexually exploiting, manipulating, fondling, raping and sexually abusing her.

79. Defendant Eric Ryan endangered the welfare of the Plaintiff by failing to protect her and failing to report reasonable suspicion of abuse by Roderick Ryan and Hillary Ryan of children in his care.

80. As a direct and/or indirect result of said conduct, Plaintiff has suffered injuries and damages described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant Eric Ryan for compensatory damages, and for punitive damages, together with interest and costs.

Dated: November 30, 2021        /s/Maryam Hadden
Maryam N. Hadden, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY  10007
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

## JURY DEMAND

Plaintiff hereby demands a trial by a jury on all of the issues contained herein.

## DESIGNATION OF TRIAL COUNSEL

Maryam N. Hadden, is hereby designated as trial counsel in this matter.

## PLAINTIFF'S DEMAND FOR DAMAGES

Plaintiff hereby demands damages from defendants in an amount to be determined at trial.


Dated: November 30, 2021               /s/ Maryam Hadden
                                       Maryam N. Hadden, Esq.
                                       Parlatore Law Group, LLP
                                       One World Trade Center, Suite 8500
                                       New York, NY  10007
                                       (646)846-6382
                                       Maryam.hadden@parlatorelawgroup.com

## **CERTIFICATION**

Pursuant to Rule 4:5-1, it is hereby certified that the matter in controversy is not the subject of any other action pending in any Court or Arbitration proceeding and Plaintiff does not contemplate any other action or Arbitration proceeding.

I certify that the foregoing statements made by me are true and correct to the best of my knowledge and information.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  November 30, 2021          __*/s/ Maryam Hadden*__
      Maryam N. Hadden, Esq.
      Parlatore Law Group, LLP
      One World Trade Center, Suite 8500
      New York, NY   10007
      (646)846-6382
      Maryam.hadden@parlatorelawgroup.com