<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **K.S.D.,** | |
| Plaintiff, | Civil Action No. 21-20270 (ZNQ) (LHG) |
| v. | **OPINION** |
| **ERIC BRUCE RYAN,** *et. al.,* | |
| Defendants. | |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon three[1] Motions to Dismiss Plaintiff

K.S.D.'s Complaint ("the Motions") filed by Defendants Eric Bruce Ryan ("Defendant Eric[2]"),

Seward Johnson Ryan ("Defendant Seward"), and Roderick Newbold Ryan ("Defendant

Roderick") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (ECF

Nos. 21, 23, 25, respectively.)  Defendants filed Briefs in Support of their Motions.  ( "Eric Moving

Br.", ECF No. 21-1; "Seward Moving Br.", ECF No 23-1, "Roderick Moving Br.", ECF No. 25).

Plaintiff opposed all three Motions with a single Brief.  ("Opp'n Br"., ECF No. 28.)  All three

Defendants filed Reply Briefs.  (ECF Nos. 29, 30, 31.)  The Court has carefully considered the

parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of

---

[1] Plaintiff originally filed her complaint against four Defendants. Plaintiff filed a notice of voluntary dismissal as to Defendant Hillary Armstrong Ryan on December 8, 2022. (ECF No. 35.) The Court therefore denied Defendant Hillary Armstrong Ryan's Motion to Dismiss (ECF No. 24) as moot.  (ECF No. 36.)
[2] Given that all Defendants possess the same surname, the Court will address each Defendant by their first names.

Civil Procedure[3] 78 and Local Civil Rule 78.1.  For the reasons set forth below, the Court will GRANT the Motions.

## I.    <u>FACTUAL BACKGROUND[4]</u>

When Plaintiff K.S.D. ("Plaintiff") was thirteen years old, Plaintiff's father married Defendants' mother in June of 1972.  (Compl. ¶¶ 1, 3.)  At that time, Defendant Eric was 21 years old, Defendant Seward was 20 years old, and Defendant Roderick was 18 years old.  (*Id.* ¶¶ 4, 5, 6.)  Throughout the duration of the parents' marriage, between 1972 and 1976, all children had separate bedrooms at a home in Far Hills, New Jersey.  (*Id.* ¶ 8.)  All Defendants and Plaintiff resided at the home in Far Hills on a regular basis.  (*Id.* ¶¶ 9, 10.)

Plaintiff alleges that on or about and between June 1972 and July 1972 in Far Hills, New Jersey, Defendant Seward kissed Plaintiff on the lips while she was under the age of consent.  (*Id.* ¶ 11.)  On or about and between the same time period, Defendants Seward and Roderick, along with an additional acquaintance of Defendants, played a game with Plaintiff that involved removing articles of clothing.  (*Id.* ¶ 12.)  During this game, Plaintiff removed her shirt.  (*Id.*)  On the same night of the game, Defendant Seward left Defendant Roderick alone with Plaintiff.  (*Id.* ¶ 13.)  Defendant Roderick then sexually abused Plaintiff by performing oral sex on Plaintiff, while she was under the age of consent.  (*Id.*)  Defendant Roderick then took Plaintiff in his car and while away from the house, he touched Plaintiff's breasts under her shirt and put his hand between her legs.  (*Id.* ¶ 14.)

On or about March 14, 1976, in his apartment in New York, New York, Defendant Eric subjected Plaintiff to sexual contact while she was below the age of consent.  (*Id.* ¶ 21.)

---

[3] For the sake of brevity, all references herein to "Rule" will be to the Federal Rules of Civil Procedure.
[4] For purposes of this motion, the Court will take all facts alleged in the Complaint as true.  *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992).

Due to the ongoing and persistent abuse Plaintiff suffered at the hands of Defendants, Plaintiff alleges she suffered emotional trauma and fear.  (*Id*. ¶ 22.)

## II.   PROCEDURAL HISTORY

Plaintiff filed her Complaint against Defendants on November 30, 2021 claiming the following against all Defendants: Sexual Battery and violation of N.J.S.A. 2A:61B-1 (Count I), Assault (Count II), Battery (Count III), and Intentional Infliction of Emotional Distress (Count V). Count Four of the Complaint alleges False Imprisonment against Defendants Eric and Roderick. Count Six of the Complaint alleges Endangering the Welfare of a Child against Defendant Eric. (ECF No. 1).

All Defendants filed Motions to Dismiss the Complaint on April 27, 2022 pursuant to Rule 12(b)(1) and 12(b)(6).  Plaintiff filed a single opposition brief and, along with her opposition, attached a proposed Amended Complaint ("the Proposed Amended Complaint").  (See ECF No. 28-1.)

## III.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 15(a)

A party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b).  Rule 15(a)(1)(B).  Further, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. A. § 1653.  The grant or denial of an opportunity to amend is within the discretion of the District Court.  *Roman v. Davis*, 371 U.S. 178, 182 (1962).

### B.   Federal Rule of Civil Procedure 12(b)(1)

Federal District Courts retain original jurisdiction over civil actions between "citizens of different States" where the matter in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332.  This statute has been interpreted to mean that "no plaintiff [may] be a citizen of the same

3

state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The general rule is that "citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004). For diversity jurisdiction, the party asserting jurisdiction carries the burden of establishing diversity of citizenship. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citations omitted).

At any time, a defendant may move to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1), (h)(3). The Court may treat a party's motion as either a facial or factual challenge to the court's jurisdiction. *Dickerson v. Bank of America, N.A.*, Civ. No. 12-03922, 2013 WL 1163483, at *1 (D.N.J. March 19, 2013). Typically, "[a] motion to dismiss ... for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. Atlantic City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). As such, district courts "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). If the Complaint survives a facial challenge and the defendant then mounts a factual challenge, "the plaintiff is entitled to limited discovery for the purpose of establishing that complete diversity exists." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015).

IV.   **DISCUSSION**

A.   **Whether the Court will Consider Plaintiff's Proposed Amended Complaint Attached to her Opposition Brief**

All Defendants argue that the Complaint must be dismissed because on its face, the Complaint lacks the facts necessary for the Court to assert diversity jurisdiction over this case. (*See generally* Eric Moving Br, Seward Moving Br., Roderick Moving Br.)  Plaintiff, however, asserts that despite her pleading error, factual diversity exists and amendment to properly reflect it should be allowed.  (Opp'n Br. at 10.)

Rule 15 permits a party to amend a pleading within 21 days of the filing of a motion pursuant to Rule 12(b)(6).  Further, 28 U.S.C.A. § 1653 permits amendment of defective allegations of jurisdiction upon terms.  Plaintiff attaches the Proposed Amended Complaint to her Opposition Brief.  (*See* ECF No. 28-1.)  The Proposed Amended Complaint, however, materially changes the Complaint in its entirety, adding new and different charges against the Defendants. (*See generally* Proposed Amended Complaint.)  The Proposed Amended Complaint does not, therefore, merely amend the terms of the Complaint to cure the jurisdictional issue but rather, it amends the Complaint in its entirety.  (*See id*.)  Because Plaintiff has yet to actually file an Amended Complaint, nor a motion to amend the Complaint, the Court will continue assessing this motion via the facial attack on the Complaint without consideration of the Proposed Amended Complaint.  *See Hartig Drug Co.,* 836 F.3d at 268.

B.   **Whether the Court has Diversity Jurisdiction**

For the Court to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332, "no plaintiff [may] be a citizen of the same state as any defendant."  *Zambelli Fireworks,* 592 F.3d at 419. Citizenship of parties is to be determined by the facts as they exist in the Complaint.  *Grupo Dataflux,* 541 U.S. at 569–70.

Plaintiff asserts that she brings her Complaint under federal diversity jurisdiction. (Compl. ¶ 29.) Plaintiff also claims she resides in New York, New York. (*Id*. at *1[5].) To assert diversity jurisdiction, therefore, all Defendants must not be citizens of New York. *See Zambelli Fireworks*, 592 F.3d at 419. Plaintiff, however, claims that Defendants Eric and Seward are citizens of the State of New York. Accordingly, the Court cannot assert diversity jurisdiction because complete diversity of parties does not exist.

## V.   CONCLUSION

For the reasons stated above, the Court will GRANT the Motions and DISMISS the Complaint WITHOUT PREJUDICE. The Court will grant Plaintiff leave to file a first Amended Complaint within 14 days, limited to those amendments to remedy the jurisdictional defect identified in this Opinion. Should Plaintiff wish to amend her Complaint beyond that scope, she shall seek leave from the Magistrate Judge within 14 days to file a Motion to Amend her Complaint.

Date: **December 13, 2022**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[5] This assertion is not included within a numerical paragraph. The Court will therefore cite to the Complaint's page number here.